### THE PEOPLE v. FALCASTRO.

### APPEAL from the District Court of Ponce.

No. 310.—Decided February 1, 1911.

PENAL LAW—VIOLATION OF INTERNAL-REVENUE LAWS—SPECIFICATION OF VIOLATED LAW.—It is the established jurisprudence of this court that in complaints brought before municipal courts it is not necessary to specify the law that has been violated, it being sufficient to set up the facts constituting the offense, and if these facts constitute any violation of a law in force in Porto Rico the charge is properly presented.

ID.—VIOLATION OF INTERNAL-REVENUE LAWS—FACTS CONSTITUTING A PUBLIC OFFENSE.—An information wherein the accused is charged with having been found to have in his possession 16 flasks of Holland gin on which the internal-revenue tax had not been paid, specifies the commission of an offense described and punished in section 92 of the Act of March 9, 1905, amending chapter 2 of Title IX of the Political Code.

DISMISSAL OF PROSECUTION—PROCEEDINGS IN MUNICIPAL COURTS.—The provisions of section 448 of the Code of Criminal Procedure are applicable only to cases prosecuted before the district courts on information filed by the *fiscal*, and not to those brought to said courts on appeal.

ID.—DISMISSAL OF PROSECUTION—DISCRETION OF COURT.—The dismissal of a prosecution, as authorized by section 448 of the Code of Criminal Procedure, can be available only in cases where good cause is not shown to justify the delay of the trial, and such action is left largely to the discretion of the trial court, whose decision will not be reversed by this court unless it be shown that such discretional power has been abused.

ID.—ARRAIGNMENT AND SENTENCE FOR SMUGGLING—PROSECUTION FOR VIOLATION OF REVENUE LAWS.—The fact that the accused had been tried and punished for smuggling under the laws of the United States does not prevent him from being prosecuted and convicted under the internal-revenue laws of Porto Rico for violation of their provisions.

ID.—SENTENCE—ALTERNATIVE PENALTY.—A judgment imposing imprisonment as an alternative in case of nonpayment of the fine should assess the term of incarceration at one day for each dollar of the fine remaining unpaid.

The facts are stated in the opinion.

*Mr. Felipe, Casalduc* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This proceeding was taken by virtue of a complaint filed by Charles E. Berry, internal-revenue agent at Ponce, charging the accused, together with Gumersindo Rosa, with the commission of an offense in violation of the internal-revenue laws of Porto Rico, in that, on August 3, 1909, at the Playa of Ponce in that municipal judicial district, they were found by the prosecuting witness to have in their possession 16 flasks of Holland gin, on which the internal-revenue tax had not been paid.

At the trial, which took place before the municipal court, the appellant, Falcastro, was sentenced to pay a fine of $100 and the costs; or, in default thereof, to serve 25 days in the Ponce jail, Gumersindo Rosa, the other defendant, being discharged.

An appeal was taken from this judgment to the District Court of Ponce, where the case was tried again; and that court, having heard the evidence and the pleadings on both sides, convicted the defendant, José Falcastro, of the offense charged against him and sentenced him to the payment of a fine of $100, and, in default thereof, to 30 days' imprisonment in the district jail.

An appeal was taken from this judgment to this Supreme Court, and there is a statement of the case attached to the record in which is to be found all the testimony of the various witnesses who testified at the trial.

There is also attached to the record a bill of exceptions containing the objections taken by the defense in the course of the trial, and which may be set forth substantially as follows:

"1. That the information does not comply with the requirements of section 71 of the Code of Criminal Procedure, because it is stated therein that Falcastro violated section 92 of the Revenue Law, and

this is not the title of an act, because there does not exist in Porto Rico any law entitled the Internal Revenue Law; and, moreover, that the fact was not stated in such a clear manner as to be understood by any person.

"2. That the information did not set out any fact constituting a public offense, because the fact that a person may be found in possession of some bottles of spirits is not an offense.

"3. That more than one hundred and twenty days had already elapsed from the date of the filing of the information and no trial had yet taken place."

From a perusal of the transcript of the record we find that there is no doubt whatever as to the existence of the facts alleged to constitute the offense with which the accused is charged; and the whole question is confined to determining whether or not these facts sufficiently describe an offense known to our criminal statutes.

We can arrive at a conclusion by examining the exceptions set up by the appellant. In regard to the first exception, we find that the information is written in terms sufficiently clear and can be understood by anybody who can read the Spanish language; and in regard to the objection taken, that it is alleged that the statute violated is entitled "Internal-Revenue Law," which is not an act in force in Porto Rico, we call attention to our decisions, heretofore rendered, that it is not necessary in a complaint filed in a municipal court to specify the law which is supposed to have been violated, but that it is sufficient to set up the facts constituting the offense; and if these facts constitute any violation of a law in force in Porto Rico, the charge is properly presented. (*People of Porto Rico* v. *Ramsey* [8 P. R., 112], decided Feb. 25, 1905; *People of Porto Rico* v. *Torrellas* [10 P. R., 514], decided May 11, 1906; *People of Porto Rico* v. *Ruiz* [10 P. R., 529], decided May 31, 1906; *People of Porto Rico* v. *Guilarte* [11 P. R., 334], decided Oct. 22, 1906.)

The offense charged against the accused is comprised in section 22 of the law of March 9, 1905, amending chapter 2 of Title IX of the Political Code, and, therefore, it is set

forth and prohibited by a law in force in Porto Rico.    (See Sess. Acts, 1905, p. 173.)

As to the second allegation set up by the appellant, that the information does not set out and describe a public offense, it is enough to say that the very section, 92, of the law mentioned makes it a punishable offense for any man to keep in any place any goods which are subject, in accordance with the law, to a tax, and in regard to which the tax has not been paid. (*People of Porto Rico* v. *Rodríguez et al.* [10 P. R., 1], decided Jan. 10, 1906.)

As to the third exception taken by defendant's counsel, we must say that we are in accord with the opinion expressed by the district court denying the request of counsel to dismiss the prosecution; because section 448 of the Code of Criminal Procedure, on which he relies to support his motion, is applicable only to cases which are heard before the district courts on informations presented by the *fiscal*, and not to accusations made before municipal courts and carried thence by appeal to the district courts for trials anew.

Besides this direction to the trial court for dismissing the prosecution after the lapse of 120 days from the filing of the information, is only in cases where good cause is not shown to the contrary; and such action is left largely to the discretion of the judge, and the exercise thereof will not be revised except in cases where an abuse is shown.    (*Manuel Lizardi ex parte* [7 P. R., 351], decided Aug. 18, 1904; *People of Porto Rico* v. *Quilichini* [7 P. R., 259], decided June 20, 1904.)

No such abuse appears in the case under consideration, and the appellant cannot complain of the delay.

The fact that the accused had been tried and punished for smuggling under the laws of the United States does not prevent him from being prosecuted and convicted under the internal-revenue laws of Porto Rico, which prohibit any person from having in his possession any merchandise on which the taxes have not been paid.

The judgment in imposing imprisonment as an alterna-

tive, in case of nonpayment of the fine, should assess the term of incarceration at one day for each dollar of the fine remaining unpaid.

For the foregoing reasons the judgment appealed from should be reformed and affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Aldrey did not sit at the hearing of this case.